# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| TECHNOLOGY DEVELOPMENT AND LICENSING, LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | Case No. 07-4512 |
| | ) ) | Judge Joan H. Lefkow |
| v. | ) ) | Magistrate Judge Cole |
| MOTOROLA, INC., | ) ) | |
| Defendant. | ) | |

## Order on Claim Construction

| Ref. No. | Claims | Term/Limitation | Construction |
|---|---|---|---|
| 1 | 8, 37 | **Channel tuning designation** | **The numerical (and perhaps also alphabetic) tuner designation at which a particular signal may be found. Such characters are the conventional input to a television receiver control system.**<br><br>*"Channel code" is defined at Col. 6, line 22. "Channel code" is synonymous and is interchangeable with "tuner designation," see Col. 8, lines 19-20, and with "channel tuning designation."*<br><br>*Motorola's suggestion that channel tuning designations are assigned by the "operator" and not by the "viewer" cannot be accepted because the operator and the viewer can sometimes be the same person. Although it would be consistent with the definition to add that channel tuning designations are typically assigned by the cable company, the satellite company, or the government, because the patentee acted as his own lexicographer in this instance, the patentee's definition applies without modification.* |
| 2 | 8, 37 | **Tuner means** | **A means plus function limitation.**<br><br>**The function is "receiving a processor signal and a** |

1

| Ref. No. | Claims | Term/Limitation | Construction |
|---|---|---|---|
| | | | multi-channel input signal, and in response to said processor signal, tuning out all but one channel corresponding to a selected one of said preassigned channel tuning designations." <br><br> The structure is the one described in the specification or its equivalents: "A tuner 18 receives a multi-channel input at 20 and tunes out all but a selected channel for viewing. It will be recognized that the multi-channel input received by the tuner 18 and 20 may be [a] convention[al] cable input signal, but may also be the input signal received from a satellite transmission receiver. Moreover, the present invention may be used with any television input signal, including a conventional over-the-air broadcast signal received through a conventional antenna." '952 patent, col.4, lines 59-67. <br><br> *Motorola argues that this is a means plus function limitation and that the specification does not recite any specific structure for performing the function, thereby rendering the claim invalid. This argument is not persuasive according to cases such as S3, Inc. v. Nvidia Corp., 259 F.3d 1364 (Fed. Cir. 2001), where the court found that a block diagram could be sufficient structure for a means plus function claim if the block was labeled as something well known to persons of skill in the art, as a tuner is here. The prosecution history includes patents in which a tuner was represented only as a block in a block diagram.* <br><br> *TD&L argues in the alternative that it is possible that "tuner means" is not a means plus function claim limitation at all because the use of the word "tuner" in the claim describes sufficiently specific structure to rebut the presumption raised by the use of the word "means" that the drafter intended this to be a means plus function limitation. This argument does have some persuasive force. The court, however, concludes that this is best treated as a means plus function limitation because that is more consistent with the rest of the* |

| Ref. No. | Claims | Term/Limitation | Construction |
|---|---|---|---|
| | | | *limitations in these claims and with the other claims in the patent. Other limitations within these claims use the same or a similar format as "tuner means;" for example, "memory means" and "control means," and the court finds below that those are means plus function limitations. Other claims in the patent are similar to claims 8 and 37 but notably omit the word "means," which supports the conclusion that the drafters did intend these to be means plus function limitations.* |
| 3 | 8, 37 | **Memory means** | **A means plus function limitation.**<br><br>**The function is storing a marker value for at least one of said channel tuning designations and for retaining said channel tuning designations in a plurality of ordered cues or scroll sequences.**<br><br>**The structure is the memory described in the patent as memory 28 or memory 40, which can be both read and written by the corresponding processor, and is electrically erasable programmable read only memory (EE PROM), non-volatile random access memory (NV RAM), or their equivalents. Col. 5, lines 54-64.**<br><br>*Motorola's main argument regarding this claim limitation is that the claimed function is not directly linked to the description of the structure of memory, as is required in order to use the means plus function method of claiming. Reading the specification as a whole, however, it is clear that memory, which is specifically described at Col. 5, lines 54-64, is the structure that is intended to perform the claimed functions. Memory is referred to throughout the specification's description of the process for setting up cues and scroll sequences. See, e.g., Col. 6, lines 34-37 ("'Cue' is the listing in memory of the various programmed entries made by the viewer, wherein each select code is stored along with its corresponding channel code and display code."); Col. 9, lines 64-65 ("At block 158, the program then enters the tuner* |

| Ref. No. | Claims | Term/Limitation | Construction |
|---|---|---|---|
| | | | *channel, select code, and display code into the memory cue."); Col. 13, line 51 ("This data is retained in memory 40."); line 56 ("This data is then directed by processor 30 to the memory 28...."). This approach to determining whether the function is directly linked to the structure is supported by Budde* v. *Harley-Davidson*, 250 F.3d 1369, 1376-77, 1379 (Fed. Cir. 2001) *("a challenge to a claim containing a means-plus-function limitation as lacking structural support requires a finding, by clear and convincing evidence, that the specification lacks disclosure of structure sufficient to be understood by one skilled in the art as being adequate to perform the recited function.... The specification must be read as a whole to determine the structure capable of performing the claimed function."). While the specification in this case is not a perfect example of directly linking the claimed function to the disclosed structure, it would be clear to one of skill in the art that the disclosed structure is memory, such as EE PROM or NV RAM.* |
| 4 | 8, 37 | **Marker value** | **A value or number associated with a channel tuning designation or a channel select designation to indicate that the associated channel is to be included in one or more cues or scroll sequences.**<br><br>*This definition is a compromise between the parties' suggestions, one of which is too broad (TD&L) and the other too narrow (Motorola). TD&L's proposal, a "value or number associated with a channel select designation," gives no indication of what a marker value is, and it could apply to various other numbers, such as a channel tuning designation. Motorola's proposal is too narrow in that it imports the requirement that the "operator may later scroll through a number of frequently watched channels," which is problematic due to its use of "operator" (as opposed to "viewer") and its requirement that the channels be "frequently watched."* |
| 5 | 8 | **Means for retaining said** | *This is not a separate claim limitation but instead a part of the function in number 3, above. The claim* |

| Ref. No. | Claims | Term/Limitation | Construction |
|---|---|---|---|
| | | channel tuning designations in a plurality of ordered cues | *limitation reads, "memory means for storing a marker value for at least one of said channel tuning designations, and <u>means</u> for retaining said channel tuning designations in a plurality of ordered cues." Based on the patent as a whole, the best way to read this limitation is to omit the second "means" [underlined]. Regardless, memory is the structure for performing both of these functions, so it makes no difference whether they are treated as two claim limitations or just one.*<br><br>*Motorola also argues that this is a computer/software-implemented function and that therefore the corresponding structure must be the steps taken in the algorithm. TD&L maintains that the structure is simply the physical memory. Because none of the courts that have construed the limitation "memory means" have found that the structure includes an algorithm, the court agrees with TD&L that it does not. See, e.g., PCTEL, Inc.* v. *Agere Sys., Inc.*, *2005 WL 2206683 (N.D. Cal. Sept. 8, 2005).* |
| 6 | 8 | **Cue** | [AGREED by the parties] |
| 7 | 8, 37 | **Operator-actuated control means** | **A means plus function limitation.**<br><br>**The function is generating a control output signal comprising one of (a) a first data set representative of the presence of said marker value associated with one of said channel tuning designations and one of said cues or scroll sequences, and (b) a second data set representative of a command to advance to a subsequent channel tuning designation within a selected one of said cues or scroll sequences.**<br><br>**The structure is a control unit with a keypad, which may be located on a remote control unit or on the television receiver itself, or its equivalents. See Col. 5, lines 5-16.**<br><br>*The court finds that the structure is a "control unit with a keypad," or its equivalents, since a "control unit" is* |

| Ref. No. | Claims | Term/Limitation | Construction |
|---|---|---|---|
| | | | *overly broad and the use of a keypad for the single operator-actuated control means is assumed in the specification. The language "may or may not be distinct from another, second control means" is omitted because this claim, in contrast to other claims, does not provide for two control means – compare with claims 1, 3, 12, 13, 23, 24, 32, 48, which discuss a first operator-actuated control means and a second operator-actuated control means located remotely from the first operator-actuated control means. For the same reason, TD&L's suggestion that "the operator-actuated control means can be located at the origin of the signal" is omitted.*<br><br>*Motorola proposes that this limitation be construed to cover only a hand-held remote control unit. That suggestion is not only unsupported by the specification, it is specifically rejected – see Col. 5, lines 12-15; Col. 7, lines 12-17; Col 13, line 42-67.* |
| 8 | 8, 37 | **Control output signal** | **A string of alpha and/or numeric characters or a data set generated in response to actuation of the operator-actuated control means.**<br><br>*Inclusion of the limitation "in response to actuation of the operator-actuated control means," is necessary because the specification clearly requires this connection between the two limitations. The specification would not support a construction of this limitation that is not related to the operator-actuated control means.* |
| 9 | 37 | **Means for retaining said channel tuning designations in a plurality of scroll sequences** | *See explanation for number 5, above.* |

| <u>Ref. No.</u> | <u>Claims</u> | <u>Term/Limitation</u> | <u>Construction</u> |
|---|---|---|---|
| 10 | 37, 38 | **Scroll sequence** | **A listing in memory of one or more channel tuning designations designated by an operator.**<br><br>*TD&L's proposal agrees with the Ohio court's construction, but the Ohio court merely said what the limitation is <u>not</u>, not what it <u>is</u> – the court was responding to the parties' arguments in that case instead of proposing a definition that could be understood independently of those arguments. Motorola's definition is written in more positive, inclusive language. The phrase "so that the operator may later scroll through a number of frequently watched channels," is omitted as too narrow and as including vague and confusing language.* |
| 11 | 38 | **Means for generating a scroll selection signal corresponding to one of said scroll sequences** | **The operator-actuated control means described in claim 37, including the additional function of generating a scroll sequence selection signal corresponding to one of said scroll sequences, and wherein said processor means, upon receipt of said scroll sequence selection signal reviews the one of said scroll sequences corresponding thereto.**<br><br>**The structure is the same as in claim 37.**<br><br>*TD&L's proposal is accepted here because it is supported by the patent when it is read and understood as a whole. See Col. 6, lines 57-62; Col. 9, lines 16-20; and Col. 10, lines 4-13 and lines 55-67.* |

ENTER:

July 29, 2008

_____
JOAN HUMPHREY LEFKOW
United States District Judge